DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM E. WEAVER,**
Appellant,

v.

**LORI LYNN WEAVER,**
Appellee.

No. 4D13-4275

[August 19, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy L. Smith, Judge; L.T. Case No. 502012DR009808XX.

Paul M. Herman, Palm Beach Gardens, for appellant.

Jeffrey M. Kirsch of Jeffrey M. Kirsch, P.A., Stuart, for appellee.

WARNER, J.

The former husband appeals a final judgment of dissolution, contending that the trial court's equitable distribution of real property was flawed. He argues that the court erred in awarding the former wife a $40,000 interest in the marital home which the former husband acquired prior to marriage. Because the evidence did not support the court's finding that the wife invested $40,000 in the home, the home was not a marital asset, and did not increase in value during the marriage, the court erred requiring the husband to pay the wife any interest in the home. Likewise, as to lots that the parties owned in Georgia, the trial court failed to make the appropriate factual determinations to equitably distribute the proceeds, if any, from those properties. We thus reverse for further proceedings as to the real property, but we affirm all other issues.

The parties were married for nine years at the time the husband filed for divorce. Long prior to the marriage, the husband had purchased a home in his name alone. However, after the marriage, he refinanced mortgages on the property, and the wife signed the promissory note and mortgages. At the time of the final hearing, the mortgages totaled around $136,000. While the house was worth around $300,000 when the parties married, due to the recession the value had fallen. A property appraiser

valued the home at $181,973; the husband claimed it was worth around $160,000, and the wife did not testify to its value. The evidence in the light most favorable to the wife showed that the wife and husband pooled their incomes and paid the mortgage and other household expenses from their pooled funds. The wife sold her own home prior to the marriage and netted $40,000, but there was no testimony that the $40,000 went into the home. Instead, she spent it on their wedding, honeymoon, a boat, and a motor home. The wife was awarded the boat and the motor home in the final judgment.

In addition, during the marriage the parties acquired two properties in their joint names in Georgia. One property in Elberton consisted of nine acres which was purchased for $34,000 in 2005. It has not increased in value but has no mortgage on it. The other property at Sandersville consisted of 66 acres with a cabin, purchased in 2012 for $145,000 with $80,000 from the husband's retirement account. The husband testified that the property has a current value of $116,000 with a mortgage of $70,000. The wife provided no estimate of the value of the property.

In the final judgment, the court ruled that the husband had owned the marital home in Loxahatchee prior to the marriage but that the wife had invested $40,000 from the sale of her prior home into the marital home. She also had signed the mortgage and second mortgage as well as the note on the second mortgage. The court found the parties owned the Elberton property as tenants by the entireties, and they agreed that the value of it was $32,000. It determined the parties owned as tenants by the entireties the Sandersville property, which it found had approximately an $80,000 equity. The court ordered the husband to pay the wife $40,000 for her interest in the marital home. The wife was awarded the Elberton lots. The court required the husband to refinance the Sandersville property to pay the wife $50,000 for her interest in that property. The court divided the remaining property and made other provisions for the wife, including durational alimony. From this order, the husband appeals.

The husband contends that the court erred in awarding the wife a $40,000 interest in the marital home, which was the husband's property prior to his marriage to the wife and had not increased in value during the marriage. We agree that the court's award was erroneous. First, there is no competent substantial evidence that the wife invested $40,000 in the home. Second, no evidence supported any increase or enhancement of value of the asset during the marriage.

While the court found that the wife had invested the $40,000 she acquired from the sale of her own home in the marital residence, that

2

finding is contrary to the evidence in the case. The wife spent her $40,000 on other items. There was no testimony that any of that money was invested in the home. Instead, the wife testified that they pooled their incomes in paying for the mortgages and expenses of the home.

Second, the sole evidence of the value showed that the value of the home *decreased* during the marriage. While the parties conflicted on the present value of the home, the evidence was uncontradicted that the value of the property owned solely by the husband at the beginning of the marriage was significantly higher than its current value. Thus, there was no enhancement of value by their contributions during the marriage.

Section 61.075(1)(g), Florida Statutes (2013), provides that in setting aside those assets which are marital and non-marital and distributing the assets of the marriage, the court should consider: "The contribution of each spouse to the acquisition, *enhancement*, and production of income or the improvement of, or the incurring of liabilities to, both the marital assets and the nonmarital assets of the parties." (Emphasis added). Here, the property was acquired and owned by the husband prior to the marriage, which he kept in his name and was his sole, non-marital property. *See Mitchell v. Mitchell*, 841 So. 2d 564, 566-67 (Fla. 2d DCA 2003). Although the mortgage was reduced some during the marriage due to the expenditure of pooled resources, the actual value of the property was not enhanced during the marriage due to the effect of market forces. The value decreased. Therefore, there was no enhancement of the value and thus no appreciation due to the expenditure of marital funds. It was error for the court to award the wife any interest in this non-marital asset.

As to the Georgia properties, the court erred in determining that the Sandersville property had an equity of $80,000. Although the property originally was purchased for $145,000, the evidence was not contradicted by the wife that the current value was considerably less. The husband testified that the equity in the property was only $25,000. The court failed to make a clear finding supported by competent substantial evidence of the value of the property as is required by section 61.075(3), Florida Statutes (2013).

Moreover, section 61.075(1), Florida Statutes (2013), provides division of marital assets shall be equal unless there is a reason for unequal distribution. The court awarded the wife more than 50% of the alleged equity in the Sandersville property and 100% of the equity in the Elberton property without any explanation of why this unequal division of property was justified. Although other personal property was distributed, we cannot tell from the final judgment whether those assets made up for the

substantially unequal division of the Georgia properties. Thus, the court erred in failing to determine both the value of the Sandersville property and in failing to provide justification for what appears to be an unequal distribution of marital properties.

Because of the foregoing errors in dividing the real property of the parties, we reverse and remand for further proceedings to equitably distribute the marital assets of the parties. We affirm the remaining issue regarding durational alimony.

*Affirmed in part, reversed in part and remanded.*

LEVINE and CONNER, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**